FREDERICK A. STEARNS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANK F. SPAULDING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF CHARLES STEARNS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

RACHAEL L. STEARNS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GEORGE W. HAVEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. CHARLES THOMAS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8373, 8454, 8497, 8517, 8521, 8522.     Promulgated October 21, 1927.

An inventory taken upon the basis of cost or market, whichever is lower, may not later be revised to accord with the market price established subsequent to the inventory date.

*Henry Herrick Bond, Esq.,* for the petitioners.
*Henry Ravenel, Esq.,* for the respondent.

The above-entitled appeals were consolidated for the purpose of the hearing and decision. The appeals are from deficiencies in income tax for the year 1919 as follows:

| | |
|---|---|
| Frederick A. Stearns | $365.68 |
| Frank F. Spaulding | 58.17 |
| Estate of Charles Stearns | 408.43 |
| Rachael L. Stearns | 377.34 |
| George W. Haven | 56.28 |
| J. Charles Thomas | 206.01 |

The petitioners were the holders of partnership interests in 1919 in the partnership of Blake & Stearns. The sole question presented by these proceedings is the proper inventory figure for the close of the fiscal year of the partnership, November 30, 1919.

### FINDINGS OF FACT.

Petitioners held partnership interests in 1919 in the partnership of Blake & Stearns, which was engaged in the buying outright of manufacturers woolens and selling them in cuts of all lengths from 2 or 3 yards up to 300 yards or more. Its place of business was Boston, Mass. It took its inventory at November 30, 1919, upon the basis of cost or market, whichever was lower. The market for woolens had been good during the fiscal year ended November 30, 1919, and prices were exceedingly high on November 30, 1919. Since the market was generally above cost on November 30, 1919, the inventory reflected cost figures except in some few instances where certain lots of goods were priced at slightly less than cost. The inventory was taken by members and employees of the firm after consultation and after endeavoring to ascertain what the market was.

The business of the partnership was to a large extent seasonal; few goods were sold in November and December of each year. The inventory was taken during this dull period. Only small amounts of goods were sold during the two or three months following the close of the fiscal year and there was a sharp break in prices in the spring of 1920.

When the petitioners consulted an attorney with respect to certain income-tax liabilities involving the year 1919, the attorney suggested that in the light of the fact that the market was stagnant at November 30, 1919, the inventory was possibly overstated and that it should be revised. The partnership then addressed letters to manufacturers, from whom it purchased goods, as to the prices of goods on November 30, 1919, and based upon such replies the partnership revised its inventory at November 30, 1919. The amount reported on the return

was $146,546.17. The partnership determined, upon the information which it had received in 1923, that the correct amount of the inventory as of November 30, 1919, was $90,443.36. The Commissioner has refused to recognize the revised inventory as the correct inventory upon the basis of cost or market, whichever is lower.

### OPINION.

SMITH: Although the evidence is clear that the inventory at November 30, 1919, shown upon the return of the partnership of Blake & Stearns for the year ended November 30, 1919, at $146,546.17, was taken upon the basis of cost or market, whichever was lower, as could best be determined by the partnership at that date, it is nevertheless contended herein that the inventory was overstated as of that date and that the correct amount of the inventory was $90,443.36. Petitioners claim the right to make such adjustment in the inventory by virtue of article 1584 of Regulations 45, revised in 1921, which article reads as follows:

*Inventories at Market.*—Under ordinary circumstances, "market" means the current bid price prevailing at the date of the inventory for the particular merchandise in the volume in which ordinarily purchased by the taxpayer, and is applicable in the cases (*a*) of goods purchased and on hand, and (*b*) of basic elements of cost (materials, labor and burden) in goods in process of manufacture and in finished goods on hand; exclusive, however, of goods on hand or in process of manufacture for delivery upon firm sales contracts at fixed prices entered into before the date of the inventory, which goods must be inventoried at cost. Where no open market quotations are available, the taxpayer must use such evidence of a fair market price at the date or dates nearest the inventory as may be available, such as specific transactions in reasonable volume entered into in good faith, or compensation paid for cancellation of contracts for purchase commitments. Where, owing to abnormal conditions, the taxpayer has regularly sold such merchandise at prices lower than the current bid price as above defined, the inventory may be valued at such prices, and the correctness of such prices will be determined by reference to the actual sales of the taxpayer for a reasonable period before and after the date of the inventory. Prices which vary materially from the actual prices so ascertained will not be accepted as reflecting the market and the penalties prescribed for filing false and fraudulent returns may be asserted. Goods in process of manufacture may be valued for purposes of the inventory on the lowest of the following bases: (1) the replacement or reproduction cost prevailing at the date of the inventory; or (2) the proper proportionate part of the actual finished cost; or, under abnormal conditions, (3) the proper proportionate part of the sales price of the finished product, account being taken in all cases of the proportionate part of the total cost of basic elements (materials, labor and burden) represented in such goods in process of manufacture at the stages at which they are found on the date of the inventory. The inventories of taxpayers on whatever basis taken will be subject to investigation by the Commissioner, and the taxpayer must satisfy the Commissioner

of the correctness of the prices adopted.  He must be prepared to show both the cost and the market price of each article included in the inventory.

Particular attention is called to the following sentence of the regulations:

Where no open market quotations are available, the taxpayer must use such evidence of a fair market value at the date or dates nearest the inventory as may be available * * *.

Petitioners also call attention to article 1584 of Regulations 62, 1922 Edition, which provides in part:

Where no open market exists or where quotations are nominal, due to stagnant market conditions, the taxpayer must use such evidence of a fair market price at the date or dates nearest the inventory as may be available.

The evidence before us all goes to show that the big break in the woolen market came several months after the close of the partnership's fiscal year under consideration.  In reply to a communication sent to Strong, Hewat & Co., Inc., of New York City, from which the partnership had purchased goods which were in its inventory at November 30, 1919, the partnership was advised in December, 1923:

Re your request for information as to the market value on November 30th, 1919, of such merchandise as you purchased from us during the year 1919.

It is difficult at best to answer any such inquiry, as a smash in the market immediately following that time was of such proportions that the prices that could be obtained for this same merchandise were ludicrous.

Letters from other manufacturers are of the same tenor.  The break in prices occurred subsequent to the inventory date.  There is no evidence that the goods included in the inventory at November 30, 1919, could have been replaced at a less cost on November 30, 1919, than the prices at which they had been purchased.  The evidence is simply to the effect that the market was stagnant at that time owing to the seasonal character of the partnership's business and that when the partnership would ordinarily have sold its merchandise, prices had broken and it could not sell them even at cost.  There is no evidence that the market for the partnership's goods on November 30, 1919, was less than the prices at which such goods were carried into the inventory by the partnership at the date of the taking of such inventory, which was within a very few days after the close of its fiscal year.  The action of the respondent in refusing to revise the inventory reported in the partnership return for the fiscal year in question is approved.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by LITTLETON, LOVE, and TRUSSELL.